IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-323-D

| | |
|---|---|
| POLYZEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RADIADYNE, LLC, ) | |
| ) | |
| Defendant. ) | |

On March 28, 2017, the court dismissed without prejudice Polyzen, Inc.'s ("Polyzen") claim against RadiaDyne, LLC ("RadiaDyne") alleging infringement of U.S. Patent 8,740,845 ("the '845 patent") [D.E. 186]. The court held that it lacked subject-matter jurisdiction after concluding that RadiaDyne was at least a co-owner of the '845 patent, depriving Polyzen of standing to sue for infringement. See id. at 14–17. RadiaDyne now moves for attorneys' fees under 35 U.S.C. § 285. See [D.E. 196]. As explained below, the court denies RadiaDyne's motion.

I.

Section 285 of the Patent Act states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "By its terms, the statute requires that the recipient of attorney fees be a 'prevailing party.'" RFR Indus., Inc. v. Century Steps, Inc., 477 F.3d 1348, 1353 (Fed. Cir. 2007); see Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1319–20 (Fed. Cir. 2004) ("The question in this case is whether USX is a 'prevailing party' and thus potentially eligible for the award of attorney fees and costs."). "In a patent case, Federal Circuit law governs the determination of which party has prevailed" for purposes of determining whether a fee

award is warranted under 35 U.S.C. § 285. See SSL Servs., LLC v. Citrix Sys., Inc., 769 F.3d 1073, 1086 (Fed. Cir. 2014). To be a "prevailing party," the Federal Circuit requires: "(1) that the party received at least some relief on the merits, and (2) that relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." Id. (alteration and quotations omitted); see Farrar v. Hobby, 506 U.S. 103, 111–12 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

Two aspects of the court's order dismissing Polyzen's claim interact to preclude "prevailing party" status for RadiaDyne. First, "lack of standing is not an issue that goes to the merits of the underlying patent issues." H.R. Techs., Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1384 (Fed. Cir. 2002); see Media Techs. Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1370 (Fed. Cir. 2003) ("Because standing is jurisdictional, lack of standing precludes a ruling on the merits."). Second, dismissals without prejudice are not equivalent to a victory on the merits—they "do[] not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action." RFR Indus., Inc., 477 F.3d at 1353. Thus, dismissals without prejudice due to lack of standing are not adjudications on the merits and cannot confer "prevailing party" status under section 285. See SPH Am., LLC v. AT&T Mobility LLC, No. 3:13-CV-2318-CAB-KSC, 2017 WL 3021025, at *1–2 (S.D. Cal. July 14, 2017) (unpublished); HomeSafe Inspection, Inc. v. Hayes, No. 3:14-CV-209-SSA, 2016 WL 867008, at *2 (N.D. Miss. Mar. 2, 2016) (unpublished); Orbit Irrigation Prods., Inc. v. Sunhills Int'l, LLC, No. 1:10-CV-113 TS, 2015 WL 7574766, at *1–2 & n.7 (D. Utah Nov. 25, 2015) (unpublished); Climb Tech, LLC v. Reeves, No. A-05-CA-864-LY, 2009 WL 10670211, at *3 (W.D. Tex. Aug. 20, 2009) (unpublished); Mars, Inc. v. JCM Am. Corp., No. 05-3165 RBK/JS,

2

2009 WL 2356834, at *4–5 (D.N.J. July 30, 2009) (unpublished); cf. Raniere v. Microsoft Corp., No. 3:15-CV-0540-M, 2016 WL 4626584, at *1–4 (N.D. Tex. Sept. 2, 2016) (unpublished), aff'd, 673 F. App'x 1008 (Fed. Cir. 2017) (per curiam) (unpublished). Here, the court dismissed the case without prejudice for lack of subject-matter jurisdiction because Polyzen lacked standing to sue RadiaDyne for infringing the '845 patent. See [D.E. 186] 14–15. This dismissal did not reach the merits of Polyzen's infringement claim. Accordingly, RadiaDyne is not a prevailing party and cannot recover attorneys' fees under 35 U.S.C. § 285.

III.

In sum, the court DENIES RadiaDyne's motion for attorneys' fees under 35 U.S.C. § 285 [D.E. 196].

SO ORDERED. This 2 day of November 2017.

JAMES C. DEVER III
Chief United States District Judge

3